IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

OSVALDO FLORES,

                         Plaintiff,                      OPINION AND ORDER

v.

                                                        17-cv-657-slc

CAPTAIN GARDNER and CAPTAIN
BROWN,

                         Defendants.

Pro se plaintiff Osvaldo Flores, an inmate at the Wisconsin Secure Program Facility ("WSPF"), was granted leave to proceed on a retaliation claim against defendants Captain Gardner and Captain Brown, two correctional officers, based on plaintiff's allegations that defendants issued him a conduct report and testified at his disciplinary hearing because Flores told defendants he was going to file a complaint against them. (4/4/18 Order, dkt. 15.) Before the court is defendants' motion for summary judgment on the basis that plaintiff failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a). For the reasons that follow, the undisputed facts demonstrate that plaintiff failed to exhaust, and, therefore, I will grant defendants' motion, dismissing plaintiff's claims without prejudice.

UNDISPUTED FACTS

As detailed in plaintiff's complaint and in this court's screening order, in May 2016, Captains Brown and Gardner investigating several assaults at WSPF that they suspected were related to possible issues between the Vice Lords and the Latin Folk, two security threat groups. As part of that investigation, defendants interviewed Flores, a member of

the Spanish Cobras. Defendants contend that Flores is or was a high-ranking member, and in that capacity would have called or approved the hits for the Latin Folk. During the interview with Flores, Flores responded "no comment" to each of defendants' questions. Flores alleges that defendants told him that they knew he had done something and that once they find out, he would be placed back on administrative confinement. In response, Flores allegedly stated, "I'm writing the security director and warden," to which defendants allegedly responded, "try and see what happens." (Compl., dkt. 1, at 4.)

After the interview, on June 3, 2016, Captain Gardner issued Flores an adult conduct report, alleging violations of Wis. Admin. Code § DOC 303.21, inciting a disturbance, and § DOC 303.24, group resistance and petitions. (Ray Decl., Ex. 103, dkt. #27-1), at 15-16.) On June 28, 2016, Flores contested the charges at a disciplinary hearing. Flores gave an oral statement during the hearing. According to the summary, prepared by the hearing officer, Flores stated,

> These allegations have no evidentiary foundation. Captain Gardner doesn't event state that anybody implicated me in anything. I cannot be charged with the rule allegation when there is no corroborating evidence. I am innocent of all charges and the conduct report is written strictly on assumption. By me stating "no comment," is nothing more than a legal term. "No comment" isn't a reason to assume anything. I sincerely hope that today 6/28/16 the correct decision is made in finding me not guilty of the conduct report based on assumption.

(*Id.* at 17.) Plaintiff does not dispute this account. The hearing officer, Lieutenant Cichanowicz found Flores guilty of inciting a disturbance and not guilty of group resistance and petitions, and sentenced him to 120 days disciplinary separation. (*Id.* at 17-18.)

On July 10, 2016, Flores appealed the disposition to the Warden. (*Id.* at 8.) In

that appeal, he stated, "I am not guilty of the charge. Conduct report based on assumption. Using the past against me per Capt Garnder & Capt Brown. Not being fair." (*Id.*) While the Deputy Warden reviewing the appeal did not credit this argument, the Deputy Warden ordered a new trial because the hearing officer was named in the body of the conduct report.

On October 25, 2017, a rehearing was conducted. Flores attended and provided a written statement, which was read during the hearing. Nonetheless, the written statement is part of the record for the disciplinary hearing. (*Id.* at 7.) Flores stated that he is not guilty, argued that there was a lack of evidence corroborating the charges, and asked that conduct report be dismissed. In the court's review of this statement, there is no mention of retaliation. Nonetheless, in his affidavit submitted in opposition to the present motion, Flores avers, "On 10-25-15, I read my statement off to the hearing officer and gave it to him and explained that this ticket was written out of retaliation and told the hearing officer that I had not still heard from the security [director] after I wrote him." (Flores Aff., dkt. 29, ¶ 3.) The hearing officer again found Flores guilty of the inciting a disturbance charge and not guilty of the other charge, and sentenced him to 120 days of disciplinary separation. (Ray Decl., Ex. 103, dkt. #27-1), at 3-4.)

On November 10, 2016. Flores appealed this decision. (*Id.* at 1-2.) In his appeal, he again complained that the charge was based on speculation. He also stated, "because there is no evidence that he violated 303.21[,] this has got to be out of retaliation because Flores didn't know anything, then they placed on Administrative Confinement (A/C)." (*Id.* at 2.) The Deputy Warden affirmed the decision of the hearing officer. (*Id.* at 1-2.)

3

Following the appeal, Flores filed two complaints relating to the conduct report, received on December 20, 2016, and December 22, 2016. (Davidson Decl., dkt. 26, ¶ 12.) In the first complaint, Flores reiterated his argument that the conduct report should have been dismissed because of lack of evidence. Material to the present motion, Flores also stated "this has got to be out of retaliation because Flores didn't know anything." (Davidson Decl., Ex. 101, dkt. 26-2, at 10.) The first conduct report was rejected because the complaint fell outside of the scope of the Inmate Complaint Review System ("ICRS"). Flores appealed the rejection, and in that appeal, he again stated "this has got to be out of retaliation because Flores didn't know anything." (*Id.* at 38.) The reviewing authority, however, agreed that the decision of the Inmate Complaint Examiner ("ICE") was appropriate.

In the second complaint, Flores again complained about the lack of evidence supporting the guilty disposition on the conduct report, and stated "this has got to be out of retaliation because Flores didn't know anything." (Davidson Decl., Ex. 102, dkt. 26-3, at 7.) The ICE rejected this conduct report because it had already been addressed in the first complaint.

OPINION

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is a "condition precedent to suit." *Dixon v. Page,* 291 F.3d 485, 488 (7th Cir. 2002); *see also*

*Perez v. Wis. Dep't of Corr.*, 183 F.3d 532, 535 (7th Cir. 1999) (holding that where administrative remedies have not been exhausted, "the district court lacks discretion to resolve the claim on the merits"). Since exhaustion is an affirmative defense, defendants bear the burden of establishing plaintiff's failure to exhaust. *Jones v. Bock,* 549 U.S. 199, 216 (2007).

To challenge a disciplinary disposition, defendants maintain that an inmate must first raise the issue at the disciplinary hearing and again on appeal to the warden. (Defs.' Opening Br., dkt. 25, 6. The cited regulation, Wis. Admin. Code § DOC 303.82(1), however, does not provide that support; instead, that provision simply states that "[t]he inmate may appeal a disciplinary decision under s. DOC 303.77, 303.80, or 303.81, including procedural errors, to the warden within 10 days after the inmate receives a copy of the decision."[1] There is a line of cases, apparently originating with *Lindell v. Frank*, No. 05 C 0003 C, 2005 WL 2339145, at * 1 (W.D. Wis. Sept. 23, 2005), that describe a requirement that the issue must be raised both at the disciplinary hearing and in the appeal, but, as far as I can tell, this requirement was part of a prior version of the administrative code, and is not in the regulations governing Flores's exhaustion requirement.

Assuming there is such a requirement, defendants correctly point out that there is no evidence that Flores mentioned anything about retaliation during the disciplinary hearings. While Flores avers that he made such a statement during the October 25, 2016, disciplinary hearing, the written statement Flores provided in lieu of an oral statement, undermines such a representation. All of this, however, is a red herring, because Flores's

---

[1] Wis. Admin. Code § DOC 303.80 covers contested major dispositions, like that at issue here.

general complaint of "retaliation" still fails to satisfy the exhaustion requirement.

To exhaust a retaliation claim, specifically, an inmate "at a minimum . . . must identify two things: the protected conduct that provoked the retaliation and the retaliatory act." *Lockett v. Goff*, No. 17-CV-93-JDP, 2017 WL 4083594, at *2 (W.D. Wis. Sept. 13, 2017) (internal citation and quotation marks omitted); *see also Malone v. Clark*, No. 04-C-229-C, 2004 WL 2504211, at *5 (W.D. Wis. Oct. 26, 2004) ("His failure to make it clear to the reviewing authority that complaint no. SCI–2004–3222 was intended to challenge defendant Clark's motive for issuing him a conduct report, if this is what his complaint was about, dooms his argument that he presented his retaliation claim in a manner sufficient to alert the prison to the nature of the wrong for which he was seeking redress." (internal citation and quotation marks omitted)).

Although Flores claimed that given the lack of evidence, defendants must have acted in retaliation, Flores never stated that he told defendants that he was going to complain to the security director about their investigation and that this is what motivated defendants to issue the conduct report and testify at his disciplinary hearings. Put simply, Flores never disclosed the protected conduct that allegedly provoked the conduct report.

In his opposition, plaintiff appears to argue that it is not clear from the administrative regulations that he had to exhaust his retaliation claim through an appeal of his conduct report disposition, rather than through an inmate complaint submitted to the ICRS. (Pl.'s Opp'n, dkt. 28, at 2 (quoting *Shaw v. Jahnke*, 607 F. Supp. 2d 1005 (W.D. Wis. 2009).) Plaintiff has a point: defendants' contention that plaintiff could not have exhausted his claims through ICRS is not entirely accurate. The administrative regulations

are clear that an inmate may use ICRS to complain about "disciplinary actions" so long as the inmate first exhausts the "disciplinary appeal process under ch. DOC 303." Wis. Admin. Code § DOC 310.06(2). Still, neither of Flores's ICRS complaints adequately exhaust his retaliation complaint. Nowhere in his inmate complaints submitted to ICRS does Flores describe the protected conduct allegedly underlying his retaliation claim; at the very least, Flores has failed to raise a genuine issue of material fact as to this requirement.

Accordingly, because Flores has failed to exhaust his claim, I will dismiss this case without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice).

## ORDER

IT IS ORDERED that:

1) Defendants Captain Brown and Captain Gardner's motion for summary judgment for failure to exhaust administrative remedies (dkt. #24) is GRANTED.

2) The clerk of court is directed to enter judgment in defendants' favor and close this case.

Entered this 5th day of October, 2018.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge